1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DEAN,

11              Plaintiff,              No. CIV S-12-0167 GEB DAD PS

12        v.

13   EDMUND G. BROWN, Jr., et al.,      FINDINGS AND RECOMMENDATIONS

14              Defendants.

15   _____/

16        This matter was referred to the undersigned in accordance with Local Rule

17   302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.

19        Plaintiff has submitted an in forma pauperis application that makes the showing

20   required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies

21   financially for in forma pauperis status does not complete the inquiry required by the statute.  The

22   court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to

23   be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on

24   which relief may be granted, or seeks monetary relief against an immune defendant.  See 28

25   U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in

26   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1

1  28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

2  based on an indisputably meritless legal theory or where the factual contentions are clearly

3  baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

4          To state a claim on which relief may be granted, the plaintiff must allege "enough

5  facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

6  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

7  accepts as true the material allegations in the complaint and construes the allegations in the light

8  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

9  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

10  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

11  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

12  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

13  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14          The minimum requirements for a civil complaint in federal court are as follows:

15      A pleading which sets forth a claim for relief . . . shall contain (1) a
short and plain statement of the grounds upon which the court's

16      jurisdiction depends . . . , (2) a short and plain statement of the
claim showing that the pleader is entitled to relief, and (3) a

17      demand for judgment for the relief the pleader seeks.

18  Fed. R. Civ. P. 8(a).

19          Here, plaintiff's filing is deficient in several respects.  First, plaintiff's one-page

20  complaint, although certainly short, does not contain a plain statement of the grounds upon which

21  the court's jurisdiction depends.  In this regard, plaintiff's complaint consist exclusively of vague

22  and conclusory allegations, and is nearly incomprehensible.

23          Jurisdiction is a threshold inquiry that must precede the adjudication of any case

24  before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,

25  858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may

26  adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511

1  U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are

2  presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"

3  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch.

4  Dist., 475 U.S. 534, 546 (1986)).

5           Lack of subject matter jurisdiction may be raised by the court at any time during

6  the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

7  Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

8  has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

9  is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

10  v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

11  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

12           The burden of establishing jurisdiction rests upon plaintiff as the party asserting

13  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

14  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

15  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

16  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

17  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

18  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

19  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

20  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

21  jurisdiction . . . and may be dismissed sua sponte before service of process.").

22           The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which

23  confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also

24

25           [1] Congress has conferred jurisdiction upon the federal district courts as limited by the
United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v.
26  Richards, 504 U.S. 689, 697-99 (1992).

be conferred by federal statutes regulating specific subject matter.  District courts have "original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal

law creates a cause of action.  A case may also arise under federal law where 'it appears that

some substantial, disputed question of federal law is a necessary element of one of the well-

pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise

Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The

"well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint.  California v.

United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

        "'Arising under' federal jurisdiction only arises . . . when the federal law does

more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l

Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere

presence of a federal issue does not automatically confer federal-question jurisdiction, and

passing references to federal statutes do not create a substantial federal question.  Lippitt v.

Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion

Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and

independent theories – one of which is a state law theory and one of which is a federal law theory

– federal question jurisdiction does not attach because federal law is not a necessary element of

the claim." Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.

        In addition, plaintiff's complaint does not state a cause of action or allege the

factual allegations underlying that cause of action.  In this regard, as noted above, the allegations

found in plaintiff's complaint are nearly incomprehensible.  It appears that plaintiff is alleging

that the State of California denied him "access for presentation of [a] new energy solution

device" which plaintiff claims would create infinite energy.  (Compl. (Doc. No. 1) at 1.)

However, the precise nature of plaintiff's claim is entirely unclear from his complaint.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Finally, in his complaint plaintiff names as defendants the State of California and the Governor of the State of California, Edmund G. Brown, Jr.  In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245.  "[T]here can be no consent by implication or by use of ambiguous language."  United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory]

language requires." <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." <u>Lane</u>, 518 U.S. at 192. Finally, the Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." <u>Brown v. California Dept. of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) (quoting <u>Dittman v. California</u>, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

For the reasons cited above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's January 23, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied;

2. Plaintiff's January 23, 2012 complaint be dismissed without leave to amend; and

3. This action be dismissed.

/////

1    These findings and recommendations will be submitted to the United States

2   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

3   fourteen (14) days after being served with these findings and recommendations, plaintiff may file

4   written objections with the court.  A document containing objections should be titled "Objections

5   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

6   objections within the specified time may, under certain circumstances, waive the right to appeal

7   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8   DATED: February 6, 2012.

9

10                                       DALE A. DROZD
                                         UNITED STATES MAGISTRATE JUDGE
11

12

13

14  DAD:6
    Ddad1\orders.pro se\dean0167.ifpden.f&rs
15

16

17

18

19

20

21

22

23

24

25

26